UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 08-093 (RJL) |
| v. : | |
| : | |
| JOHN STAGLIANO : | |
| JOHN STAGLIANO, INC. : | |
| EVIL ANGEL PRODUCTIONS, INC. : | |
| Defendants. : | |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT DEFENDANTS' PRIOR TRIAL TESTIMONY AND PLEADINGS AS ADMISSIONS BY A PARTY OPPONENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

The United States of America, by and through its undersigned attorneys, hereby requests this Honorable Court to grant this Motion in Limine permitting the government to admit into evidence in this federal obscenity case copies of defendant John Stagliano's trial testimony and the pleadings filed by attorneys on behalf of defendant John Stagliano, Inc. in a federal copyright case concerning the infringement of defendants' copyrights of certain hard-core pornographic works because these documents contain admissions by a party opponent under Fed. R. Evid. 801(d)(2).

### FACTUAL BACKGROUND

On or about March 11, 2006, defendant John Stagliano, Inc. doing business as EA Productions filed a complaint in the United States District Court for the Central District of California against Canadian Multimedia Entertainment, Inc. and other defendants alleging violations of federal copyright law. The case was tried before the Honorable S. James Otero between July 25, 2007, and August 9, 2007. John Stagliano, Inc. was represented by Allan Gelbard, Esquire, who is counsel for defendant John Stagliano in this case.

Prior to trial, counsel for defendant John Stagliano, Inc. filed numerous pleadings.[1] During the trial, defendant John Stagliano testified on behalf of the corporation. The pleadings filed in that proceeding and defendant Stagliano's testimony under oath contain admissions that are relevant to this federal obscenity prosecution involving John Stagliano, Inc. doing business as EA Productions. For example, in the First Amended Complaint, defendant John Stagliano, Inc. states that it is "a California corporation having its principal place of business at 14141 Covello Street, Van Nuys, CA 91405" and that it "lawfully does business as EA Productions ("EA")." In his trial testimony, defendant John Stagliano testified that he "run[s] John Stagliano, Inc." and that "John Stagliano, Inc. as [sic] a corporation was [sic] formed in 1994." When asked the question, "does John Stagliano Inc. do business under any particular name?," defendant Stagliano replied, "Evil Angel Productions and also the Evil Empire." Defendant Stagliano further explained, "Evil Angel Productions was a DBA I took out in 1982 to do a magazine that I was putting together myself."

According to records provided by the California Secretary of State, defendant John Stagliano, Inc. filed its Articles of Incorporation on November 30, 1994, while defendant Evil Angel Productions, Inc. filed its Articles of Incorporation on May 2, 2000. Defendant John Stagliano is the Chief Executive Officer of both corporate defendants and is listed as each corporation's agent for service of process. It appears that John Stagliano is the sole shareholder of both corporations.

---

[1] These pleadings include: 1) First Amended Complaint, a Joint Witness List; 2) Trial Brief, 3) Supplemental Joint Report Pursuant to Federal Rule of Civil Procedure 26(f), 4) Motion in Limine to Exclude the Showing and/or Viewing of the Entire Version of the Alleged Infringed Works and 5) Motion in Limine to Exclude Any Reference that Plaintiffs' Infringed Works are Obscene or that Due to the Nature of the Infringed Works that They are Entitled to Less Value or Protection Under the Law.

## **LEGAL ANALYSIS**

Admissions by a party opponent are admissible under Federal Rule of Evidence 801(d)(2). Subsection 801(d)(2)(A) permits admission of a party's own statement, in either an individual or representative capacity. Subsection 801(d)(2)(B) permits admission of statements of which a party has manifested an adoption or belief in its truth. Subsection 801(d)(2)(C) permits admission of statements made by a person authorized by the party to make a statement concerning the subject, while subsection 801(d)(2)(D) permits admission of a statement made by the party's agent concerning a matter within the scope of the agency or employment and made during the existence of the relationship.

### **1. Prior Trial Testimony**

Defendant Stagliano's prior testimony in the federal copyright case is admissible in this case as an admission by a party opponent under several provisions of Rule 801(d)(2). First, the testimony is admissible against the defendants in this proceeding under subsection 801(d)(2)(A) and 801(d)(2)(B) because the statement is defendant Stagliano's own and he manifested his belief in its truthfulness when he made the statement under oath in a lawsuit brought by him to protect his federal copyrights. See Milton v. United States, 110 F.2d 556 (D.C. Cir. 1940) (defendant's own statement, testimony given by him at a former trial and hearing, admissible as admission by party opponent); Arnold v. Groose, 109 F.3d 1292 (8th Cir. 1997) (defendant's own statement, handwritten pleadings from earlier lawsuit, admitted under Rule 801(d)(2)(A)); United States v. GAF Corporation, 928 F.2d 1253 (2d Cir. 1991) (party's own statement, a bill of particulars filed in prior trial, should have been admitted against government under Rule 801(d)(2)(A) and (B)). The prior testimony is also admissible under subsection 801(d)(2)(C) because when defendant Stagliano testified in the prior proceeding, he was presumptively the

3

person authorized by the corporations to make statements on the corporations' behalf because he was (and remains) the Chief Executive Officer of both corporations. Finally, the prior testimony is admissible under subsection 801(d)(2)(D) because defendant Stagliano, as Chief Executive Officer, was testifying about matters within the scope of his employment with the corporations.

**2. Pleadings filed in Prior Proceeding**

The pleadings filed by defendant John Stagliano, Inc. in the federal copyright case are also admissible as admissions by a party opponent under several provisions of Rule 801(d)(2). First, the pleadings are admissible under subsection 801(d)(2)(B) because they are statements in which the defendants have manifested an adoption or belief in their truth. See United States v. Warren, 42 F.3d 647 (D.C. Cir. 1995) (police officer's sworn statement contained in the criminal complaint filed against defendant in his criminal case admissible under Rule 801(d)(2)(B) in defendant's subsequent trial); United States v. Kattar, 840 F.2d 118 (1st Cir. 1988) (government's pleadings in prior trials admissible against the government under Rule 801(d)(2)(B)). Second, the pleadings are admissible under Rule 801(d)(2)(C) because they are statements made by Counsel Gelbard in his capacity as attorney for John Stagliano, Inc. doing business as Evil Angel Productions in a lawsuit involving defendants' hard-core pornographic film business. See United States v. McKeon, 783 F.2d 26 (2d Cir. 1984) (opening statement made by defense counsel at defendant's second trial admissible under Rule 801(d)(2)(B) and (C) in defendant's third trial). Finally, the pleadings are admissible under Rule 801(d)(2)(D) as statements made by Counsel Gelbard as the defendants' agent during his representation of defendants during the civil lawsuit.

### 3. Pleadings and Testimony Admissible Against All Defendants

The pleadings and testimony are admissible against defendant John Stagliano, as well as against the corporate defendants, John Stagliano, Inc. and Evil Angel Productions, Inc. because the corporations are the alter ego of their owner, John Stagliano, the individual, as demonstrated by Stagliano's own statements made during the civil trial, some of which are quoted above. In <u>United States v. Don King and Don King Productions, Inc.</u>, 134 F.3d 1173 (2d Cir. 1998), the court held that the Confrontation Clause did not protect a corporation that was wholly owned by one individual from admission of statements of the corporation's sole shareholder made at that individual's prior trial because the corporation is the alter ego of the sole shareholder. The court also held that the prior testimony was admissible as an admission by a party opponent pursuant to Fed. R. Evid. 801(d)(2)(A) because the testimony was the party's own statement and it was admissible against the corporation under Fed. R. Evid. 801(d)(2)(D) because it was a statement made by the corporation's agent concerning a matter within the scope of the agency. Likewise, in this case, defendant Stagliano's testimony in the prior trial involving his wholly owned corporation, John Stagliano, Inc. is admissible against John Stagliano, the individual, and against both corporate defendants under various provisions of Fed. R. Evid. 801(d)(2). Moreover, this is not a situation where defendant Stagliano as an individual has a "conflicting litigating position" with himself as agent of the corporations. <u>See</u>, <u>e.g.</u>, <u>SEC v. Geon Industries, Inc.</u>, 531 U.S. 39, 43 n.3 (2d Cir. 1976) (employee-agent's statement inadmissible where "conflicting litigating position" existed between employee-agent and employer). No one in the present case maintains that Stagliano and his corporations are in conflicting litigating positions.

For the foregoing reasons, the defendants' prior testimony and pleadings are admissible as admissions by a party opponent under Fed. R. Evid. 801(d)(2). They are also admissible

5

under Fed. R. Evid. 403 because they are relevant and will prove facts that will establish violations of 18 U.S.C. §§ 1462 and 1465 and 47 U.S.C. § 223(d) as set forth in Counts I through VI of the Indictment.

Respectfully submitted,

_____
JEFFREY TAYLOR
United States Attorney for the District of Columbia

_____
BRENT WARD
Director, Obscenity Prosecution Task Force

By: _____
PAMELA S. SATTERFIELD
Trial Attorney
United States Department of Justice
Criminal Division
1301 New York Avenue, N.W.
Suite 500
Washington, D.C. 20530
(202) 353-2485
Pamela.Satterfield@usdoj.gov

## CERTIFICATE OF SERVICE

I, Pamela Satterfield, Trial Attorney with the United States Department of Justice, Criminal Division, hereby certify that the foregoing Motion in Limine to Admit Defendants' Prior Trial Testimony and Pleadings as Admissions by a Party Opponent and Memorandum of Law in Support Thereof was filed on July 30, 2008, by CM/ECF which will send electronic copies to counsel for the defendants, Robert Corn-Revere, Esquire, Davis Wright Tremaine, LLP, 1919 Pennsylvania Avenue, N.W., Suite 200, Washington, D.C. 20006; H. Louis Sirkin, Esquire, and Jennifer Kinsley, Esquire, Sirkin, Pinales & Schwartz, LLP, 105 West Fourth Street, Suite 920, Cincinnati, OH 45202; Paul Cambria, Jr., Esquire, and Roger Wilcox, Esquire, Lipsitz Green Scime Cambria, LLP, 42 Delaware Avenue, Suite 120, Buffalo, NY 14202; and Allan Gelbard, Esquire, 15760 Ventura Boulevard, Suite 801, Encino, CA 91436.

Pamela S. Satterfield
Trial Attorney
United States Department of Justice
Criminal Division
1301 New York Avenue, N.W., Suite 500
Washington, D.C. 20530
(202) 353-2485
Pamela.satterfield@usdoj.gov