UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:08-CR-00093-RJL |
| v. | : | Judge Leon |
| JOHN STAGLIANO, et al. | : | |
| Defendants. | : | |

**DEFENDANT JOHN STAGLIANO, INC.'S
MOTION TO COMPEL**

Comes now Defendant, John Stagliano, Inc. ("JS Inc."), by and through the undersigned counsel, and respectfully moves the Court pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Kyles v. Whitley*, 514 U.S. 419 (1995), to compel the disclosure of material and exculpatory evidence in the possession of the government, namely the FBI obscenity guidelines referenced in two FBI Washington Field Office memoranda.

**Primary Authorities:** *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Naegele*, 468 F.Supp.2d 150 (D.D.C. 2007).

This motion is supported by the following memorandum.

Respectfully submitted,

  /s/ Robert Corn-Revere
Robert Corn-Revere (D.C. Bar No. 375415)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-3402
Telephone: (202) 973-4200
Telecopier: (202) 973-4499

H. Louis Sirkin (Ohio Bar No. 0024573)
Jennifer M. Kinsley (Ohio Bar No. 0071629)
Sirkin, Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202
Telephone: (513) 721-4876
Telecopier: (513) 721-0876

Counsel for Defendant John Stagliano, Inc.

**MEMORANDUM**

**I.     Introduction**

Defendant John Stagliano, Inc. ("JS Inc.") and its co-Defendants, John Stagliano and Evil Angel Productions, Inc., are charged with various obscenity offenses involving the display of on online video trailer and the shipment of presumptively protected sexually explicit DVDs to the District of Columbia. A central issue in the case is whether the materials at issue are in fact obscene, a legal determination that is controlled by the three-part *Miller* test. *See Miller v. California*, 413 U.S. 15 (1973). Under *Miller*, a particular work can only be declared obscene, and therefore devoid of First Amendment protection, in the narrow circumstance where: 1) the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest, which is generally defined as a morbid or shameful interest in sex; 2) the work depicts or describes, in a patently offensive way, sexual conduct as specifically defined by the applicable state law; and 3) the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *Miller*, 413 U.S. at 24. As such, there are no specific sexual acts that when depicted will automatically generate obscenity and no identifiable guidelines for what type of sexual representations appeal to the prurient interest. Rather, those considerations must be determined by reference to the community standards of the district of prosecution.

Shortly after the indictment was issued in this case, JS Inc.'s counsel received initial discovery from the government. Included within that discovery was a November 15, 2007 FBI Washington Field Office memorandum summarizing the status of the investigation against JS Inc. and its co-Defendants. In that memorandum, the author, Special Agent Daniel Bradley, notes that the Evil Angel website was reviewed in April 2007 and that two Evil Angel DVDs were

surreptitiously mail-ordered by the government that same month. A separate shipping receipt identifies those two DVDs as "Gang Bang My Face" and "Belladonna's Fetish Fanatic 5." The November 15th memorandum further states that:

> During a (*sic*) October 2007 review of the most recent evidence shipment receipt, SA Bradley determined that ***only a portion of the content received, fell within FBI guidelines for Obscenity Investigations***.

(Emphasis added). The memo contains no further information as to which portion of the content Agent Bradley's observation relates. However, a previous memorandum, issued April 19, 2007, indicates that agents reviewed the [www.evilangel.com](www.evilangel.com) website for the purpose of determining whether it fell within the FBI obscenity guidelines and determined that it did. Thus, it appears that Agent Bradley's November 15th observation pertains to either the "Gang Bang My Face" DVD or the "Belladonna's Fetish Fanatic 5" DVD. Interestingly, JS Inc. is charged in counts three and seven of the indictment with displaying and distributing "Fetish Fanatic Chapter 5," an online trailer that advertises the full-length "Belladonna's Fetish Fanatic 5" DVD. As such, if Agent Bradley's observation pertains to the Fetish Fanatic DVD, it is largely possible that the online trailer falls outside of the FBI obscenity guidelines as well. On the other hand, if Agent Bradley's comment applies to "Gang Bang My Face," which was not charged in this case, the fact that that DVD is not considered by the FBI to be obscene is relevant to JS Inc.'s defense of similar content. In either event, as discussed in more detail below, the FBI obscenity guidelines constitute material, exculpatory evidence of community standards and the Court should compel their disclosure to the defense.

JS Inc. has made efforts to obtain the FBI obscenity guidelines short of judicial intervention. To that end, JS Inc.'s counsel joined in a letter to the Assistant United States Attorney assigned to

this case that cited to Agent Bradley's November 15, 2007 memorandum and requested the obscenity guidelines he referenced. On July 11, 2008, the government responded in writing and denied the Defendants' request. As grounds for its decision to withhold the obscenity guidelines from defense counsel, the government argued that the guidelines fell outside the discovery required by Fed. R. Crim. P. 16(a)(2) and 16(a)(1)(E) and were otherwise protected by the attorney-client, work-product, and deliberative process privileges. The government also contended that the document is irrelevant because it will not be introduced into evidence by the government at trial. Nowhere in its response, however, did the government deny that the FBI obscenity guidelines, when read in conjunction with Agent Bradley's November 15, 2007 memorandum, are exculpatory. As explained below, it is the exculpatory nature of the document that requires its disclosure.

## II.     The Court Should Compel The Disclosure Of The FBI Obscenity Guidelines As Material And Exculpatory Evidence.

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). As a matter of fundamental fairness, the government has a duty to disclose to the defense in advance of trial any evidence that is material and exculpatory. *Kyles v. Whitley*, 514 U.S. 419 (1995); *Brady v. Maryland*, 373 U.S. 83 (1963). Constitutional error results when the state withholds material evidence that is favorable to the defendant "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Whether particular evidence meets the materiality component of *Brady* decreases in importance as a defendant's request for exculpatory evidence becomes more

specific. *See, e.g., United States v. Anderson*, 31 F.Supp.2d 933, 948 (D. Kan. 1998). In other words, when a defendant requests a specific piece of evidence he claims to be exculpatory, the burden of demonstrating the relevance of that evidence to his defense is diminshed. *Id*.

Internal documents reflecting law enforcement personnel's doubts about a particular prosecution constitute discoverable *Brady* material. *See, e.g., Conley v. United States*, 415 F.3d 183 (1st Cir. 2005) (holding that FBI memorandum in which officer at scene expressed uncertainty about his ability to recall events was exculpatory). Similarly, police records that give support for an alternate theory of the crime are also considered exculpatory and must be disclosed. *See, e.g., United States v. Manning*, 56 F.3d 1188, 1198 (9th Cir. 1995) ("report was potentially exculpatory, because it identified an alternative suspect"). In addressing these concerns, this Court itself has compelled the disclosure of internal governmental documents that explain or interpret an otherwise ambiguous legal standard. *See United States v. Naegele*, 468 F.Supp.2d 150, 154-55 (D.D.C. 2007) (mandating disclosure of U.S. Trustee Program "internal guidance and policy materials" explaining confusing bankruptcy schedules). In so doing, this Court observed that "its view of *Brady* and the government's have not been consistent for many years" and that, to faithfully adhere to due process, there "is a need for the Justice Department to change to mindset of its trial prosecutors to assure that its approach to *Brady* is broad and open." *Id*. at 152 n.2, 153.

Much like the U.S. Trustee Program documents subject to disclosure in *Naegele*, the FBI obscenity guidelines discussed in Agent Bradley's memorandum constitute exculpatory evidence regarding the *Miller* standard for obscenity. At the very least, the FBI obscenity guidelines indicate that at least one uncharged DVD attributed to JS Inc. and its co-Defendants – "Gang Bang My Face" – did not fall within the range of material considered to be potentially obscene by the FBI. The fact

that the federal government believes such material, which is similar in nature to the DVDs and online trailer charged in the indictment, not to be obscene is certainly evidence of community standards.  *See, e.g., Hamling v. United States*, 418 U.S. 87, 125 (1974) ("[t]he defendant in an obscenity prosecution, just as a defendant in any other prosecution, is entitled to an opportunity to adduce relevant, competent evidence bearing on the issues to be tried."); *Smith v. California*, 361 U.S. 147, 164-65 (1960) (Frankfurter, J., concurring) (upholding "the right of one charged with obscenity--a right implicit in the very nature of the legal concept of obscenity--to enlighten the judgment of the tribunal, be it jury or . . . judge, regarding the prevailing literary and moral community standards.").  That the FBI obscenity guidelines may imply that one of the charged works B "Fetish Fanatic Chapter 5" B is not obscene enhances its exculpatory value all the more. Given these considerations, and what this Court has characterized as the government s "broad" obligation to disclose favorable evidence to the defense, JS Inc. is entitled to obtain the FBI obscenity guidelines in discovery.  *See Naegele*, 486 F.Supp.2d at 153.

## III.   Conclusion

For the foregoing reasons, and because they constitute exculpatory and material evidence under *Brady v. Maryland*, the Court should issue an order requiring the government to disclose to Defendant John Stagliano, Inc. the FBI obscenity guidelines referenced in the November 15, 2007 FBI Washington Field Office memorandum.

Respectfully submitted,


  /s/ Robert Corn-Revere
Robert Corn-Revere (D.C. Bar No. 375415)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-3402
Telephone: (202) 973-4200
Telecopier: (202) 973-4499

H. Louis Sirkin (Ohio Bar No. 0024573)
Jennifer M. Kinsley (Ohio Bar No. 0071629)
Sirkin, Pinales & Schwartz LLP
105 West Fourth Street, Suite 920
Cincinnati, Ohio 45202
Telephone: (513) 721-4876
Telecopier: (513) 721-0876

Counsel for Defendant John Stagliano, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing notification system upon Pamela Satterfield, U.S. Department of Justice, on the 31st day of July, 2008.

    /s/ Robert Corn-Revere
Robert Corn-Revere (D.C. Bar No. 375415)
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006-3402
Telephone: (202) 973-4200
Telecopier: (202) 973-4499

Counsel for Defendant John Stagliano, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:08-CR-00093-RJL |
| v. | : | Judge Leon |
| JOHN STAGLIANO, et al. | : | |
| Defendants. | : | |

**PROPOSED ORDER GRANTING
DEFENDANT JOHN STAGLIANO, INC. S
MOTION TO COMPEL**

For good cause shown, Defendant John Stagliano Inc.'s Motion to Compel, is hereby granted. The government is hereby ordered to disclose to the defense the FBI obscenity guidelines within 15 days of this order.

IT IS HEREBY ORDERED.

 

Judge Richard J. Leon
United States District Court for the District of Columbia

To be served upon:

Pamela Satterfield
U.S. Department of Justice
Obscenity Prosecution Task Force
1301 New York Avenue, NW
Suite 500
Washington, DC 20530

Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, NW
Suite 200, Washington, DC 20006-3402

H. Louis Sirkin
Jennifer M. Kinsley
Sirkin, Pinales & Schwartz LLP
105 W. Fourth Street, Suite 920
Cincinnati, OH 45202

Paul Cambria
42 Delaware Avenue, Suite 300
Buffalo, NY 14202-3901

Allan Gelbard
15760 Ventura Boulevard, Suite 801
Encino, CA 91436